**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ASHTON E. CACHO,

      Petitioner,

vs.

ROBERT LEGRAND, *et al.*,

      Respondents.

3:12-cv-00171-RCJ-WGC

**ORDER**

      Petitioner Ashton Cacho has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (ECF No. 4.) On June 7, 2012, the court, among other things, denied petitioner's motion for the appointment of counsel and served the petition on respondents. (ECF No. 3.) The court ordered respondents to file an answer, or other response, to the petition within forty-five days. (*Id*.) Before the court are petitioner's motion for the appointment of counsel (ECF No. 7) and respondents' motion for an extension of time within which to respond to the petition (ECF No. 9.)

      First, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner

1  is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801
2  F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).  As previously found by the
3  court in denying petitioner's first motion for the appointment of counsel, the petition on file in this action
4  appears sufficiently clear in presenting the issues that petitioner wishes to raise.  In his instant motion,
5  petitioner argues that the court should appoint him counsel because he does not comprehend English in
6  its entirety and that the "paging system" in use at the prison does not afford him adequate access to legal
7  materials.  As noted by respondents in their response to petitioner's motion (ECF No. 8), petitioner fails
8  to describe any specific instance where he has been unable to access necessary legal materials either
9  because of his language difficulties or because of the "paging system."  Petitioner's motion generally
10 discusses his discontent with the "paging system," but it  fails to demonstrate that petitioner, in
11 particular, has been unable to obtain the legal authorities he seeks because of the "paging system."
12 Indeed, respondents submit a declaration from the Law Library Supervisor at Lovelock Correctional
13 Center stating that petitioner has not used the "paging system" since May 2011 and that petitioner was
14 physically present in the law library conducting his own research around June 2012.  (ECF No. 8 Ex.
15 B.)  Accordingly, the court concludes that counsel is not justified in this case.  The motion is denied
16 without prejudice.

17          Respondents have moved for an extension of time within which to respond to the petition.
18 (ECF No. 9.)  Respondents request that after the court rules on petitioner's motion for the appointment
19 of counsel, the court allow them thirty days to respond to the petition.  The court grants the motion.
20 Because the court addresses petitioner's motion for the appointment of counsel in this order, respondents
21 shall have thirty days from its date of entry within which to respond to the petition.

22          **IT IS THEREFORE ORDERED** that petitioner's motion for the appointment of
23 counsel (ECF No. 7) is **DENIED without prejudice**.

24          **IT IS FURTHER ORDERED** that respondents' motion for an extension of time (ECF
25 No. 9) is **GRANTED.**  Respondents shall have **thirty (30)** days from entry of this order within which
26

to answer, or otherwise respond to, the petition.

Dated, this 3rd day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE