1

2

3

4

5

6                           **UNITED STATES DISTRICT COURT**

7                                  **DISTRICT OF NEVADA**

8    ASHTON E. CACHO,                    )
                                         )
9             Petitioner,                )        3:12-cv-00171-RCJ-WGC
                                         )
10   vs.                                 )        **ORDER**
                                         )
11                                       )
     ROBERT LEGRAND, *et al.*,           )
12                                       )
              Respondents.               )
13   _____/

14          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which

15   petitioner, a state prisoner, is proceeding *pro se*.  Before the court is respondents' motion to dismiss

16   (ECF #11).  Petitioner has opposed the motion (ECF #16), and respondents have replied (ECF #17).

17   **I.  Procedural History and Background**

18          Following a jury trial, on May 7, 2008, the Eighth Judicial District Court, Clark County,

19   Nevada, sentenced petitioner as follows: count 1: open or gross lewdness - 12 months in the Clark

20   County Detention Center; count 2: indecent exposure - 12 months in the Clark County Detention Center;

21   counts 3-6: lewdness with a child under the age of 14 - 10 years to life in the Nevada Department of

22   Corrections, with all counts to run concurrently and imposed a term of lifetime supervision (exhibits to

23   motion to dismiss, ECF #11, ex. 26).[1]  The judgment of conviction was filed on May 16, 2008 (ex. 28).

24          Petitioner filed a direct appeal (ex. 41), and May 27, 2010, the Nevada Supreme Court

25   _____

26          [1] All exhibits referenced in this order are exhibits to respondents motion to dismiss (ECF #11)
     and may be found at ECF #s 12-14.

1   affirmed the conviction in part and reversed/remanded in part (ex. 48).  The Nevada Supreme Court

2   determined that counts 1 and 2 were redundant and thus reversed count 2, indecent exposure.  The court

3   upheld the remaining convictions (*id*.).  The court denied petitioner's petition for rehearing and petition

4   for en banc reconsideration (ex.'s 49-52).  Remittitur issued on October 18, 2010 (ex. 53).

5               On January 12, 2011, petitioner filed a proper person petition for writ of habeas corpus

6   in state district court (ex. 60).  The state district court entered its findings of fact, conclusions of law and

7   judgment denying the petition on September 22, 2011 (ex. 70).

8               Petitioner appealed (ex. 67).  The Nevada Supreme Court affirmed the state district

9   court's denial of the petition on March 7, 2012 (ex. 71).  Remittitur issued on April 12, 2012 (ex. 71).

10              Petitioner handed his federal petition to a correctional officer for mailing on March 27,

11  2012 (ECF #4).  This court denied petitioner's motion for appointment of counsel on June 7, 2012 (ECF

12  #3).  Respondents argue in their motion to dismiss that the petition should be dismissed because the

13  claims are procedurally defaulted and/or conclusory (ECF #11).

14  **II.  Legal Standards**

15          **A.  Exhaustion**

16              A federal court will not grant a state prisoner's petition for habeas relief until the prisoner

17  has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982);

18  28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his

19  claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S.

20  838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted

21  until the petitioner has given the highest available state court the opportunity to consider the claim

22  through direct appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th

23  Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

24              A habeas petitioner must "present the state courts with the same claim he urges upon the

25  federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of

26

2

a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984)*.*

## B. Procedural Bar

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate

1  to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

2         The *Coleman* Court stated the effect of a procedural default, as follows:

3         In all cases in which a state prisoner has defaulted his federal claims in
          state court pursuant to an independent and adequate state procedural rule,
4         federal habeas review of the claims is barred unless the prisoner can
          demonstrate cause for the default and actual prejudice as a result of the
5         alleged violation of federal law, or demonstrate that failure to consider
          the claims will result in a fundamental miscarriage of justice.

6  *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural

7  default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal

8  habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

9         To demonstrate cause for a procedural default, the petitioner must be able to "show that

10 some *objective factor external to the defense* impeded" his efforts to comply with the state procedural

11 rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have

12 prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

13 Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default.

14 *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause

15 requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented

16 to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of

17 counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529

18 U.S. 446, 453 (2000). With respect to the prejudice prong of cause and prejudice, the petitioner bears:

19
20        the burden of showing not merely that the errors [complained of]
          constituted a possibility of prejudice, but that they worked to his actual
          and substantial disadvantage, infecting his entire [proceeding] with errors
21        of constitutional dimension.

22 *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170

23 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered

24 actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530

25 n.3 (9th Cir. 1988).

26
                                            4

### C. Conclusory Claims

In federal habeas petitions, notice pleading is not sufficient.  Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *Mayle v. Felix*, 545 U.S. 644, 649 (2005); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Conclusory allegations not supported by specific facts are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  *Pro se* pleadings, however, must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.  Petition in the Instant Case

### Grounds 4, 7, and 9

In grounds 4, 7, and 9 of the federal petition, petitioner alleges violations of his Fifth and Fourteenth Amendment rights to due process as follows: ground 4:  "irrelevant" evidence that was more prejudicial than probative was admitted at trial (ECF #4 at 14); ground 7:  the prosecutor engaged in multiple instances of prosecutorial misconduct during trial, namely, vouching for the truthfulness of witnesses, comparing petitioner to a convicted sex offender and misstating the evidence and "prejudice" (*id*. at 18); and ground 9:  the court allowed erroneous jury instructions that "allowed lower burdens of proof and a diminished presumption of innocence" (*id*. at 24).

Respondents argue that petitioner set forth these claims as state-law claims only on direct appeal.  Then, when petitioner raised the newly-federalized claims in his state habeas petition, the Nevada Supreme Court affirmed the denial of the claims as procedurally barred as successive pursuant to NRS 34.810 (ECF #11 at 6).

The claim that petitioner raised on direct appeal that corresponds to ground 4 of the federal petition–"irrelevant" evidence that was more prejudicial than probative was admitted at trial–was clearly set forth as a state-law claim only (ex. 41 at 24-25).  Thus, when petitioner raised the same claim as a federal due process claim in his state habeas petition, the Nevada Supreme Court determined that it was procedurally barred by NRS 34.810(1)(b)(2), which provides that a state habeas petition shall be

1    dismissed if it raises claims that could have been raised in a direct appeal.  The Nevada Supreme Court

2    explicitly relied on this procedural bar when it declined to review this claim in the state habeas petition

3    (ex. 71 at 3).  The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application

4    of the procedural bar at issue in this case – Nev. Rev. Stat. § 34.810 – is an independent and adequate

5    state ground.  *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179

6    F.3d 1207, 1210-12 (9th Cir. 1999).  Accordingly, ground 4 is dismissed as procedurally barred.

7         However, the court disagrees with respondents that grounds 7 and 9, which allege

8    prosecutorial misconduct and jury instruction errors that lowered the burden of proof and diminished

9    the presumption of innocence, were not federalized–and thus, exhausted–on direct appeal.  With respect

10   to both grounds,  petitioner cited to several federal cases in his direct appeal that discuss prosecutorial

11   misconduct and error in reasonable doubt jury instructions in the context of a fair trial and the

12   constitutional right to due process (ex. 41 at 27, 29).  As such, grounds 7 (in part)[2] and 9 are exhausted

13   and are not procedurally barred.

14                                  **Grounds 6 and 10**

15        Petitioner alleges in ground 6 that his trial and sentence are invalid under the Fifth, Sixth

16   and Fourteenth Amendment rights to due process and equal protection.  He contends that his right to an

17   impartial jury drawn from a fair cross section of the community was violated due to his trial conviction

18   and sentencing by a jury that was not a fair cross of the community and from which members of his race

19   were excluded and unrepresented.  He claims in ground 10 that he is in custody in violation of his Fifth

20   and Fourteenth Amendment rights to due process and a fair trial due to the effect of cumulative error

21   (ECF #4 at 17-18, 27-29).  Respondents argue that these claims are procedurally barred because

22   petitioner failed to raise them on direct appeal and improperly raised them in his state habeas petition

23   (ECF #11 at 6-7).

24   _____

25        [2] As discussed below, the claim in ground 7 of prosecutorial misconduct for comparing petitioner
     to a convicted sex offender is procedurally barred for failure to object to the statement at trial.

26

1    Petitioner failed to raise either of these grounds in his direct appeal (see ex. 41).  The

2  Nevada Supreme Court explicitly relied on this procedural bar when it declined to review these claims

3  in the state habeas petition (ex. 71 at 3).  The application of the procedural bar at issue in this case –

4  Nev. Rev. Stat. § 34.810 – is an independent and adequate state ground.  *Vang*, 329 F.3d at 1073-75.

5    With respect to the jury-composition claim, the Nevada Supreme Court considered

6  petitioner's argument that ineffective assistance of counsel prevented him from raising this claim on

7  direct appeal and concluded that petitioner had not provided good cause to excuse his failure to raise this

8  claim (ex. 71 at 3-4).  This court notes first that this is not the type of claim that implicates the United

9  States Supreme Court's decision in *Martinez v. Ryan* that ineffective assistance of counsel in the initial-

10  review collateral proceedings may establish cause for a petitioner's procedural default of a claim of

11  ineffective assistance of trial counsel.  132 S. Ct. 1309, 1315 (2012).  Petitioner does not seek to

12  establish cause for procedural default of a claim of ineffective assistance of trial counsel, but to establish

13  cause for procedural default of an independent, substantive Fourteenth Amendment equal protection

14  jury-composition claim pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986).  Further, the court has

15  determined that appellate counsel's failure to raise the *Batson* claim on direct appeal cannot be

16  considered so prejudicial as to have affected the outcome of the appeal.[3]  Accordingly, grounds 6 and

17  10 are dismissed as procedurally barred.

18    **Grounds 2 and 7**

19    Petitioner claims in ground 2 that the introduction of the victim's hearsay statements

20  through application of NRS 51.835 violated his Fourteenth Amendment rights to confrontation and due

21  process of law when the trial court failed to hold a hearing outside the jury's presence to guarantee the

22

---

23    [3] The Nevada Supreme Court observed: "A defendant is 'entitled to a venire selected from a fair cross section of the community,' not a jury panel that itself represents a cross section of the community.
24  *Williams v. State*, 125 P.3d 627, 631 (2005)," and concluded that "[a]ppellant did not claim that the venire did not represent the necessary cross section nor that any class of veniremen were improperly
25  excluded from the panel.  Accordingly, appellant failed to demonstrate a reasonable probability of success on appeal had counsel raised this claim" (ex. 71 at 4).

26

1    trustworthiness of the child victim (ECF #4 at 6).  Petitioner claims in part of ground 7 that his due

2    process rights were violated when the prosecutor compared petitioner to a convicted sex offender in

3    closing statements (*id*. at 18).  Respondents assert that these claims are procedurally barred because the

4    Nevada Supreme Court explicitly stated that defense counsel failed to object to the underlying claims

5    at trial (ECF #11 at 7).

6             Counsel's failure to object at trial is an example of a procedural default barring federal

7    consideration of an issue. *Bonin v. Calderon*, 59 F.3d 1064, 1070 (9th Cir. 1995). *See also, Paulino v.*

8    *Castro*, 371 F.3d 1083, 1093 (9th Cir. 2004).  Here, the Nevada Supreme Court expressly relied on

9    Nevada's contemporaneous objection rule in concluding that the two claims here had been waived (ECF

10   #48 at 2 n.1, 16).  The failure to object rule is an independent state law basis sufficient to bar these two

11   grounds. *See Vang*, 329 F.3d at 1074-75.  The Nevada Supreme Court in fact addressed the merits of

12   both claims, but "by its very definition, the adequate and independent state ground doctrine requires the

13   federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when

14   the state court also relies on federal law." *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).  Accordingly,

15   ground 2 and the claim in ground 7 that petitioner's due process rights were violated when the prosecutor

16   compared petitioner to a convicted sex offender in closing statements are dismissed as procedurally

17   barred.

18            **Grounds 1 and 5**

19            In grounds 1 and 5 petitioner claims that he was denied effective assistance of counsel

20   in violation of his Sixth and Fourteenth Amendment rights when trial counsel:  failed "to undertake

21   reasonable steps to investigate all avenues of defense: a failure to conduct reasonable pretrial

22   investigation and a failure to have reasonable and effective interaction/communication with petitioner

23   more than twice over an eight month period prior to trial" (ground 1) (ECF #4 at 4-6); and failed to call

24   witnesses that could have supported petitioner and that could have substantially called into question the

25

26

veracity of the victim in making her claims against petitioner (ground 5) (*id*. at 16-17).[4]  Respondents argue that these grounds should be dismissed as conclusory.  They contend that petitioner provides no specific allegations whatsoever to support his claims that counsel was ineffective; with respect to witnesses, he fails to identify any specific individuals or state to what they would have testified (ECF #11 at 8).

The court agrees that these claims must be dismissed as conclusory.  In ground 1, petitioner provides no specific allegations whatsoever to identify what "all [the] avenues of defense" were that counsel failed to explore and what specific interviews and investigation he failed to undertake. In ground 5, petitioner contends that counsel failed to call as witnesses "any of the people who could call into question" the victim's testimony (ECF #4 / ex. 60 at 27).  While petitioner states that "these witnesses likely would have testified that [the victim] had previously made false allegations of others and that due to [the victim's] previous past dealings with CPS, she knew how and what to say to get her particular responses, " he fails to specifically identify any witnesses that counsel should have called. Conclusory allegations not supported by specific facts are subject to summary dismissal.  *Blackledge*, 431 U.S. at 74.  Therefore, grounds 1 and 5 are dismissed as conclusory.

Finally, in his response to the motion to dismiss, petitioner argues that under *Martinez v. Ryan*, the fact that he did not have counsel for his state habeas petition may provide cause for any procedural default of claims (ECF #16 at 4).  As discussed above, in *Martinez*, the Court held that ineffective assistance of counsel in the initial-review collateral proceedings may establish cause for a

---

[4] In petitioner's federal petition, ground 5 begins on page 16 and that page ends mid-sentence. Page 17 then appears to be missing, and ground 6 begins at the top of what petitioner has labeled as page 18 (ECF #4).  Respondents pointed out this apparent missing page in their motion to dismiss and also stated that it appears that petitioner submitted photocopies of his state habeas petition as his federal petition (ECF #11 at 4 n.3).  Respondents included a complete copy of the state habeas petition in their exhibits to the motion to dismiss (ex. 60).  Petitioner did not address this issue in his response to the motion to dismiss (ECF #16).  The court is satisfied that petitioner submitted a photocopy of his state habeas petition as his federal petition.  Accordingly, respondents and the court may properly treat page 27 of exhibit 60 as the missing page 17 of the federal habeas petition.  That is, ECF #4 page 16 and ex. 60 to the motion to dismiss page 27 together form the complete ground 5 of the federal petition.

petitioner's procedural default of a claim of ineffective assistance of trial counsel. 132 S. Ct. at 1315. However, here, the claims that this court has determined are procedurally barred are substantive claims, not claims for ineffective assistance of trial counsel. Thus, *Martinez* does not apply.

In sum, respondents motion to dismiss is granted in part. Grounds 2, 4, 6, and 10 are dismissed with prejudice as procedurally barred. The claim in ground 7 that petitioner's due process rights were violated when the prosecutor compared petitioner to a convicted sex offender in closing statements is dismissed with prejudice as procedurally barred. The remaining claims in ground 7 as well as the entirety of ground 9 are exhausted and are not procedurally barred. Grounds 1 and 5 are dismissed with prejudice as conclusory.

**VI. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition (ECF #11) is **GRANTED** in part as follows:

grounds 2, 4, 6, and 10 are dismissed with prejudice as procedurally barred;

the claim in ground 7 that petitioner's due process rights were violated when the prosecutor compared petitioner to a convicted sex offender in closing statements is dismissed with prejudice as procedurally barred;

grounds 1 and 5 are dismissed with prejudice as conclusory.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss the petition (ECF #11) is **DENIED** in part as to grounds 7 and 9. The remainder of ground 7 as well as the entirety of ground 9 are exhausted and are not procedurally barred.

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AND SERVE AN ANSWER** to the petition within **thirty (30) days** from the entry of this order. The answer shall include substantive arguments on the merits as to each of the remaining grounds of the petition. **No further motions to dismiss will be entertained**.

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE AND SERVE A REPLY** to the answer, within **thirty (30) days** after being served with the answer.

**IT FURTHER IS ORDERED** that any further exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional exhibits shall be forwarded – for this case – to the staff attorneys in **Reno, Nevada.**

Dated this 30th day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE

11